UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA J. CHEEK,

        Plaintiff,

        v.                                          Case No. 20-C-1203

CORINNA LUNDQUIST and
JANE DOE,

        Defendants.

## SCREENING ORDER

Plaintiff, who is a former inmate of the Winnebago County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Ordinarily, a plaintiff must pay a filing fee of $400 to bring an action in federal court, which includes the $350 statutory filing fee and a $50 administrative fee. 28 U.S.C. § 1914(a). However, because Plaintiff was not a prisoner when he filed his motion to proceed in forma pauperis, it falls under 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to the federal courts, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989), and applies to both non-prisoner plaintiffs and to plaintiffs who are incarcerated, *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275–77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the

heightened requirements of the Prison Litigation Reform Act do not apply. *See West v. Macht*, 986 F. Supp. 1141 (W.D. Wis. 1997).

Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). A review of Plaintiff's motion reveals that he does not have sufficient funds to pay the filing fee. Accordingly, the court will grant Plaintiff's motion to proceed without prepayment of the filing fee and will screen the complaint.

### SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's allegations are similar to those alleged in another of his cases before me, Case No. 20-C-182, and are similarly hard to read and to follow. He alleges that in June 2019 he was placed in a group home called Wisconsin Independent Living. He alleges that a supervisor he interchangeably refers to as "Riley" and Jane Doe falsely confined him before quitting over her allegedly wrongful actions. He alleges that "defamation and retaliation occurred" and that Lundquist conspired against him by preventing him from filing grievances about an alleged due-process concern. Plaintiff states without any explanation that his constitutional and statutory rights were not restored even after his release from the group home and until his eventual rearrest for an

3

unstated charge. He states that he also faced discrimination, defamation, and violation of his First and Eighth Amendment rights. Plaintiff alleges that someone (he does not state who) harassed him and told him to stop filing lawsuits. He seeks a monetary reward "for foreseeable damages," for the violations of his rights, and for being placed back in the same group home.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

As I described in the screening order in Case No. 20-C-182, it is not clear from the complaint whether Lundquist is a state actor. Even assuming she is, Plaintiff fails to state a claim for relief against her. He states that various legal harms occurred but provides no context explaining what acts caused the alleged constitutional deprivations. As explained above, simply stating a legal cause of action supported by only conclusory statements that one's rights were violated does not suffice to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678. His allegation that Riley falsely confined him suffers from the same deficiency. He does not explain what Riley did that he believes constitutes a false imprisonment or otherwise violated his constitutional rights. Plaintiff's empty allegations are exactly the kind of claims *Iqbal* and *Twombly* forbid.

Plaintiff does not allege who harassed him about filing lawsuits. Even so, allegations of verbal abuse and threats are insufficient grounds for relief under § 1983. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in part on different grounds by Savory v. Cannon*,

4

947 F.3d 409, 423–24 (7th Cir. 2020) (en banc); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987).

Plaintiff also alleges that Lundquist retaliated against him (for what he does not say) and prevented him from sending legal mail. These claims are duplicitous of those on which I allowed him to proceed in Case No. 20-C-182. Dkt. No. 7 at 4. He may not proceed in this lawsuit on those same claims.

If Plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **September 21, 2020**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 21, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

5

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 21st day of August, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge